# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Fultz & Son, Inc.,                                Case No. 3:17CV53

         Plaintiff

         v.                                          **ORDER**

Browning-Ferris Industries of Ohio, Inc.,

         Defendant

This is a breach-of-contract suit between two waste-management companies.

In late 2014, the defendant, Browning-Ferris Industries of Ohio, Inc., approached the plaintiff, Fultz & Son, Inc., about purchasing all of Fultz's business assets. Discussions between the parties ultimately produced two agreements: the Asset Purchase Agreement and the Supply Agreement.

The Asset Purchase Agreement, which the parties executed on January 28, 2015, specified that Browning-Ferris would purchase Fultz's equipment, accounts receivable, and list of customers. (Doc. 5–1 at 2). The contract contains a forum-selection clause providing that "any disputes arising out of or related in any way to this Agreement . . . shall be brought exclusively in the state or federal courts located in Cuyahoga County, Ohio." (Doc. 5–1 at 3).

Finally, the Asset Purchase Agreement stated that "[a]ll Exhibits and Schedules attached hereto or delivered in connection herewith are by this reference incorporated herein and made a part hereof for all purposes as if fully set forth herein." (Doc. 9–1 at 30).

About two weeks later, the parties executed the Service Agreement.

This contract obligated Browning-Ferris deliver to certain types of waste and recyclable materials to Fultz's materials recovery plant in Clyde, Ohio. (Doc. 1–1 at 1). The parties attached the Service Agreement as "Exhibit C" to the Asset Purchase Agreement. (Doc. 5 at 1; Doc. 9–1 at 33, 43–53).

The parties' relationship soured almost immediately after they executed the Service Agreement. The dispute, which concerns whether Browning-Ferris fulfilled its obligations under the Service Agreement to deliver waste and recyclable materials to the Clyde plant, precipitated the filing of Fultz's complaint for breach of contract and fraud.[1]

Pending is Browning-Ferris's motion to transfer venue. (Doc. 4).

Browning-Ferris argues that, given the Asset Purchase Agreement's forum-selection clause, the only proper venue for this dispute is a state or federal court located in Cuyahoga County.

The company acknowledges that Fultz's claims concern the terms of the Supply Agreement, which lacks a forum-selection clause. But it contends that the Asset Purchase Agreement incorporates the Supply Agreement by reference, and thus that any dispute arising under the Supply Agreement arises, in effect, under the Asset Purchase Agreement and is subject to its forum-selection clause.

Browning-Ferris therefore asks me to exercise my authority under 28 U.S.C. § 1404(a) to transfer this case to the Eastern Division of the United States District Court for the Northern District of Ohio.

Fultz responds that the forum-selection clause is inapplicable. (Doc. 6).

---

[1] Jurisdiction is proper under 28 U.S.C. § 1332(a)(1). (Doc. 1 at ¶¶1, 4).

According to Fultz, the Supply Agreement is a fully integrated agreement that neither contains its own forum-selection clause nor incorporates the terms of the Asset Purchase Agreement by reference. For those reasons, Fultz maintains that this suit is not subject to the Asset Purchase Agreement's forum-selection clause.

I reject those arguments and conclude that Fultz's claims are subject to the forum-selection clause.

"[T]he overriding concern of any court when construing a contract is to ascertain and effectuate the intention of the parties." *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Ohio State Emp't Relations Bd.*, 2017-Ohio-2624, ¶15 (Ohio App.). "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Id.*.

Here, the Asset Purchase Agreement states that "[a]ll Exhibits . . . attached hereto . . . are by this reference incorporated herein and made a part hereof for all purposes as if fully set forth herein." (Doc. 9–1 at 30). It is undisputed, moreover, that the parties attached the Supply Agreement as an exhibit to that contract. (*Id.* at 33) (list of exhibits to Asset Purchase Agreement).

By operation of the incorporation clause, then, the Supply Agreement became "part" of the Asset Purchase Agreement "for all purposes[.]" Therefore, any dispute arising under the former contract is, "for all purposes," part and parcel of the latter agreement, including for purposes of the forum-selection clause.

Additional language in the Supply Agreement supports this interpretation.

For one thing, language in the "Recitals" section of that contract indicates that the parties considered the two agreements "connect[ed]." (Doc. 1–1 at 1) ("In connection with the execution

3

of [the Supply] Agreement, [Browning-Ferris] . . . is buying from Fultz various assets, pursuant to an Asset Purchase Agreement").

For another, the parties stated that the Supply Agreement was "a condition to the consummation of the transactions contemplated by the [Asset] Purchase Agreement." (*Id.*).

In other words, executing the Supply Agreement was part of the consideration for the Asset Purchase Agreement. That conclusion is consistent with Fultz's allegations that the Supply Agreement was "a critical piece of the overall deal between [it] and [Browning-Ferris]" and that it "would not have engaged in the sale of assets to [Browning-Ferris] absent this consideration." (Doc. 1 at ¶16).

Given the Asset Purchase Agreement's incorporation clause, as well as the textual and substantive links just discussed between that contract and the Supply Agreement, I conclude that the Supply Agreement is part of the Asset Purchase Agreement.

Accordingly, Fultz's dispute with Browning-Ferris over its alleged breach of the Supply Agreement "aris[es] out of or relate[s] in any way to" the Asset Purchase Agreement and is subject to its forum-selection clause. I will therefore transfer this case to the Eastern Division of this Court.

It is, therefore,

ORDERED THAT Browning-Ferris's motion to transfer venue (Doc. 5) be, and the same hereby is granted. The clerk of court is directed to transfer this case to the Eastern Division of the United States District Court for the Northern District of Ohio.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge