IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Fultz & Son, Inc. | ) | Case No.: 3:17-cv-00053 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| Browning-Ferris Industries of Ohio, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and other electronically stored information or materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.**

(a) **Form.** A party may designate a document as confidential and restricted in disclosure under this Order by placing or affixing the words

1

"CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents produced in native format may be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY by separate letter indicating the Bates numbers and designations of each document so designated. Deposition testimony may be designated CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS EYES ONLY by making a statement so designating specific portions of testimony or exhibits on the record or in writing and directing the court reporter to mark the affected pages of the transcript.

(b) **Timing.**

(1) **Initial Designation.** Documents shall be initially designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY prior to or at the time of the production or disclosure of the documents. A statement designating testimony as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY shall be made at the deposition or hearing, or within 30 days after receipt of a final transcript.

(2) **Subsequent Designation.** A party may designate any document as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY subsequent to its first disclosure or production, provided that any such designation (i) must be in writing; (ii) must specifically identify the document designated; and (iii) shall only apply to the treatment and disclosure of such document after such written designation is received. Such subsequent designation must be made within 30 days of the confidential nature of the document coming to light, e.g., being marked in a deposition or attached to an affidavit or filing with the Court. Where a subsequent

designation is made, any party that previously received the document shall immediately return or destroy copies of the document not bearing the "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" stamp and shall make all reasonable efforts to retrieve such document from any persons not authorized to hold it under this Order.

3. **Documents Which May be Designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY.**

(a) **CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, competitively sensitive business or technical information, proprietary business methods or practices, and/or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

(b) **CONFIDENTIAL-ATTORNEYS EYES ONLY.** Any party may designate documents that meet the requirements of ¶ 3(a) as CONFIDENTIAL-ATTORNEYS EYES ONLY upon making a good faith determination that the disclosure of the documents to another party or non-party would create a heightened risk of harm to the competitive, commercial, financial, or business position of the disclosing party.

4. **Protection of Confidential Material.**

(a) **General Protections.** Documents designated CONFIDENTIAL shall not be used or disclosed by the parties, counsel for the parties, or any other persons

identified in ¶ 4(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) **Limited Third-Party Disclosures – CONFIDENTIAL Documents.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third persons except the following categories of persons:

(1) **Parties.** Named parties in this litigation, and their officers, directors, or employees assisting in the preparation and trial of this action or proceeding;

(2) **Counsel.** Counsel for the parties, and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(3) **Court.** The Court, its officers, and court reporters providing stenographic or video services in this litigation;

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions, but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound;

(c) **Limited Third-Party Disclosures – CONFIDENTIAL-ATTORNEYS' EYES ONLY Documents.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL-ATTORNEYS' EYES ONLY documents to any persons except as set forth in ¶4(b)(2)-(4) and 4(b)(7), provided that if the individual set forth in ¶4(b)(7) is an employee of one of the Parties, such individual shall sign the acknowledgement contained in Attachment A before viewing any CONFIDENTIAL-

ATTORNEYS EYES ONLY documents. If one of the Parties seeks to file any CONFIDENTIAL-ATTORNEYS' EYES ONLY document with the Court, it must be done under seal. If a CONFIDENTIAL-ATTORNEYS' EYES ONLY document is used with a witness during a deposition or testimony at trial, only those individuals authorized under this section may be present.

(5) **Consultants, Investigators, and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such Persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(6) **Mediators.** Any special master, mediator, or arbitrator engaged by the parties or authorized by the Court for purposes of mediation, arbitration, or other dispute resolution regarding issues arising in this litigation;

(7) **Witnesses.** A witness in this litigation to whom disclosure is reasonably necessary and who is not otherwise authorized to view the CONFIDENTIAL information in question, during or in preparation for that witness's testimony at a deposition in the litigation, provided that if the individual is not an employee of the Parties, then only after such witness executes a copy of the acknowledgment contained in Attachment A or, alternatively, states affirmatively on the record in connection with being shown CONFIDENTIAL information during the deposition that he or she consents to the restrictions contained in this Stipulated Protective Order, a copy of which shall be offered to the deponent;

(8) **Authors/Prior Recipients.** An individual who, according to the face of the designated documents, authored or received the confidential information, provided that if the individual is not an employee of the Parties, then only after such person has completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound;

(9) **Service Bureaus.** Service bureaus engaged by counsel of record to perform electronic discovery or clerical-type services in connection with this litigation, such as electronic discovery services, photocopying, imaging, computer data entry, clerical aids, trial preparation, and graphics firms, provided that such service bureaus complete the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound, or sign a contract of engagement with enforceable confidentiality obligations that are substantially similar to those set forth in Attachment A prior to receiving any confidential documents; and

(10) **Others by Consent.** Other persons only by written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered, including a condition that such persons must execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Limited Third-Party Disclosures – CONFIDENTIAL-ATTORNEYS EYES ONLY Documents.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL-ATTORNEYS EYES ONLY documents to any persons except as set forth in ¶ 4(b)(2)-(10), provided that if the individual set forth in ¶ 4(b)(7)-(8) is an employee of one of the Parties, such individual

6

shall sign the acknowledgement contained in Attachment A before viewing any CONFIDENTIAL- ATTORNEYS EYES ONLY documents.

(d) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after the conclusion of this litigation by dismissal or entry of final judgment not subject to further appeal.

(e) **Copies.** Prior to production to another person, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the appropriate confidentiality designation if it does not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

5. **Filing of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL or CONFIDENTIAL-

ATTORNEYS EYES ONLY, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a) Before any document marked as CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS EYES ONLY is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(b) Where agreement is not possible or adequate, any and all filings made under seal shall be submitted electronically whenever possible and linked to the relevant authorizing order, pursuant to Local Rule 5.2. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing. See Electronic Filing Policies and Procedure Manual.

(c) If a sealed filing cannot be submitted electronically, before a CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY document is manually filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope.

(d) To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS EYES ONLY documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above.

(e) If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

6. **Challenges by a Party to Designation.** Any CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereafter the "objecting party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall notify the designating party of such dispute in writing, identifying the documents in dispute and the nature of the dispute. The designating party must respond in writing within 14 days of service of the notification. If the parties are unable to amicably resolve their dispute, the objecting party may, within 30 days of service of the designating party's response, file a motion with the Court seeking a ruling as to whether the designated document should be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY under this Order. If agreement is reached

confirming or waiving the CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

7. **Breach of the Order.** It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Order by any person, to promptly notify counsel for the designating parties of such breach or threatened breach. In the event of a disclosure of any confidential documents to any person not authorized to receive such documents under this Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall promptly notify counsel for the designating party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for the unauthorized disclosure shall also promptly undertake all reasonable best efforts to retrieve the improperly disclosed documents and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

8. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY shall be by motion under Local Rule 7.1 and any other procedures set forth in the Initial Standing Order or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced for use in discovery or at trial.

9. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY documents or information derived therefrom, such party shall provide advance notice to the other parties at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10. **Obligations on Conclusion of Litigation**.

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY Documents.** Within 30 days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY under this Order, including copies as defined in ¶ 4(e), shall be returned to the designating party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of

the receiving party, that party elects to destroy the documents and certifies to the designating party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be protected under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS EYES ONLY documents.

(c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the Initial Standing Orders or other relevant orders.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL or CONFIDENTIAL-

ATTORNEYS EYES ONLY by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue. Nothing in this Order shall be taken as or constitute a waiver of attorney-client privilege, work- product protections, or other applicable protections provided by law.

13. **Rule 502(d) Order.** The production or disclosure of an attorney-client, work- product, or other privileged or protected document shall not be deemed a waiver of the attorney-client privilege, work-product protection, or other protection or immunity from discovery by the producing or protected party in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure. If any party becomes aware of the production or disclosure of privileged or protected documents by any other party, that party shall provide written notice to the producing or disclosing party of such production or disclosure within 30 days of learning of the production or disclosure.

14. **Asserting Attorney-Client Privilege or Work-Product Protection.** Any party may assert attorney-client, work-product, or other privilege or protection at any time by notifying the other parties in writing.

　　(a) **Where the Receiving Party Does Not Contest Privilege/Protection.** Promptly, and in any event no later than 14 days of service of this written notice, the receiving party shall, to the extent it does not contest the assertion of privilege or protection, certify in writing to the party claiming privilege that the receiving party has returned or destroyed the applicable documents and has made all reasonably diligent efforts to retrieve,

identify, and destroy each copy thereof and all information derived therefrom. Normal reasonable diligence will not include disaster recovery media.

(b) **Where the Receiving Party Contests Privilege/Protection.** Promptly, and in any event no later than 14 days of service of this written notice, the receiving party shall, to the extent that it contests the assertion of privilege or protection, notify the party claiming privilege to what extent the receiving party contests the assertion of privilege or protection. The parties thereafter shall meet and confer in good faith. If the contest is not resolved, either party may move the Court for a ruling on the privileged or protected nature of the document. However, the party challenging the assertion of privilege or protection must protect the confidentiality of the contested document and treat it as privileged pending resolution of the contest by the Court.

15. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms. Paragraph 13 of this Order is binding to the fullest extent allowed by Fed. R. Evid. 502(d).

IT IS SO ORDERED
Dated: ~~July~~ Aug. 1st, 2017

/s/DONALD C. NUGENT 8/01/17
**HONORABLE DONALD C. NUGENT**
**UNITED STATES DISTRICT JUDGE**

Dated: July 31, 2017

**WE SO STIPULATE
and agree to abide by the terms of this Order**

*s/ Dennis E. Murray, Jr.*
Dennis E. Murray, Jr. (0038509)
dmj@murrayandmurray.com
Joseph A. Galea (0089550)
jag@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, Ohio 44870-2517
Telephone: (419) 624-3126
Facsimile: (419) 624-0707

*Attorneys for Plaintiff Fultz & Son, Inc.*


*s/ Adam J. Russ (per phone consent 7/31/17)*
Adam J. Russ (#0079648)
aruss@frantzward.com
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114-1230
Telephone: (216) 515-1660
Facsimile: (216) 515-1650
*Attorneys for Defendant Browning-Ferris Industries of Ohio, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Fultz & Son, Inc. | ) | Case No.: 3:17-cv-00053 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | **ATTACHMENT A ACKNOWLEDGMENT** |
| Browning-Ferris Industries of Ohio, Inc. | ) | **AND AGREEMENT TO BE BOUND** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The undersigned hereby acknowledges that he/she has read the Protective Order dated July ____, 2017, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

1

2

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____

Signature: _____