IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FULTZ & SON, INC., | ) | CASE NO. 3:17-CV-00053 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| BROWNING-FERRIS INDUSTRIES | ) | MEMORANDUM OPINION |
| of OHIO, INC., | ) | |
| | ) | |
| Defendant. | | |

This matter is before the Court upon Plaintiff's, Fultz & Son, Inc.'s (hereafter "Fultz") Partial Motion to Dismiss Count Four of Defendant's, Browning-Ferris Industries of Ohio, Inc.'s (hereafter "BFI") Counterclaim. (ECF #25). BFI filed its Memorandum in Opposition (ECF #29), and Plaintiff filed its Reply in Support (ECF #30). Therefore, this matter has been fully briefed and is ripe for review.

For the reasons more fully set forth herein, Plaintiff's Partial Motion to Dismiss (ECF #25) is DENIED.

I.  FACTUAL BACKGROUND[1]

Fultz, an Ohio-based recycling business, and BFI, a waste hauling and disposal company, entered into a contract (hereafter the "Supply Agreement") on February 13, 2015. (ECF #25-1).

---
[1] The facts as stated in this Memorandum and Order are taken from the Complaint and from undisputed facts set forth in the parties' briefs. They should not be construed as findings of this Court. In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Defendant, BFI.

Fultz filed this lawsuit against BFI on January 6, 2017, alleging breach of the Supply Agreement and fraudulent inducement. BFI filed an Answer, Third Party Complaint and Counterclaim against Fultz on June 15, 2017. (ECF #14). Fultz filed its Partial Motion to Dismiss Count Four of BFI's Counterclaim, which alleges unjust enrichment, on August 3, 2017. (ECF #14, ¶¶ 86-91).

II. LEGAL ANALYSIS

    A. Standard of Review

On a motion brought under Fed.R.Civ.P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808 (3rd Cir.1990).

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.,* 3 F.3d 945, 947 (6th Cir.1993) (quoting *Welsh v. Gibbs,* 631 F.2d 436, 439 (6th Cir.1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.,* 834 F.Supp. 971, 975 (S.D.Ohio 1993).

This Court will not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1980). In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

B.  Motion to Dismiss

In its Motion to Dismiss, Fultz argues that because it is undisputed that a valid, enforceable contract governed the relationship between the two entities, BFI cannot allege both breach of contract and unjust enrichment in its Counterclaim. Fultz argues "unjust enrichment is a remedy that exists 'in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that injustice and equity belong to another.'" (ECF #25, p. 3).

BFI argues that under Rule 8(d) of the Federal Rules of Civil Procedure, a party is expressly permitted to plead alternative or inconsistent claims or defenses, and that Rule 8 states "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." (See ECF #29, pp. 1-2). BFI further argues that "certain services that BFI provided might have fallen outside of any contractual bounds" and that if BFI was not fully compensated, "it would be unjust for [Fultz] to retain the benefits of those services." (ECF #29, p. 4). Therefore, BFI argues its unjust enrichment claim is valid, as it may still be entitled to relief for work performed that was beyond its contractual obligation to Fultz. (ECF #29, p. 4).

This Court agrees with BFI's position. Unjust enrichment is a quasi-contractual claim that may be pled in the alternative to a breach of contract claim. *See Bonner Farms, Ltd. v. Power Gas Mktg. & Transmission, Inc.*, No. 5:04-CV-2188, 2007 WL 246247, at *7 (N.D.Ohio Aug. 27, 2007). An unjust enrichment claim requires a showing that the claimant conferred a benefit upon the party defendant, and that retention of that benefit without compensation would be unjust. *Id.* (*citing Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 286 (2005). Unjust enrichment does not arise from a contract, but is instead implied and imposed by law. *Id.* Therefore, while a party may plead for relief under both contract law and quasi-contract law, that party cannot recover under

both theories. *Id. See also Doe v. Case Western Univ.*, 1:17-CV-414, 2017 WL 3840418, at *13 (N.D.Ohio Sept. 1, 2017).

For these reasons, this Court finds that BFI has properly plead the elements of unjust enrichment in the alternative.

III. CONCLUSION

For the reasons set forth above, Fultz's Partial Motion to Dismiss Count Four of Defendant's Counterclaim (ECF #25) is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 12, 2017